[All counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>     Plaintiffs, <br><br> v. <br><br> ACER INC., <br> ACER AMERICA CORPORATION, <br>     Defendants. | Case No. 4:18-cv-1885-HSG <br><br> JURY TRIAL DEMANDED <br><br> **DEFENDANTS' AND MICROSOFT'S ADMINISTRATIVE MOTION TO SUBMIT BRIEFING ON OUTSTANDING INDEFINITENESS ISSUES** |
| MICROSOFT CORPORATION, <br> Intervenor-Plaintiff, <br><br> v. <br><br> KONINKLIJKE PHILIPS N.V. and <br> U.S. PHILIPS CORPORATION, <br>     Intervenor-Defendants. | |
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>     Intervenor-Defendants/ <br>     Counterclaim Plaintiffs- <br>     in-intervention <br><br> v. <br><br> MICROSOFT CORPORATION, <br>     Intervenor-Plaintiff/ <br>     Counterclaim Defendant- <br>     in-intervention <br><br>     AND <br><br> MICROSOFT MOBILE INC., <br>     Counterclaim Defendant- <br>     in-intervention. | |

4:18-cv-1885-HSG through 4:18-cv-1890-HSG

ADMINISTRATIVE MOTION TO SUBMIT BRIEFING ON OUTSTANDING INDEFINITENESS ISSUES

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>     Plaintiffs, <br><br> v. <br><br> ASUSTEK COMPUTER, INC., and <br> ASUS COMPUTER INTERNATIONAL, <br>     Defendants. | Related Case No. 4:18-cv-1886-HSG <br><br> JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION, <br>     Intervenor-Plaintiff, <br><br> v. <br><br> KONINKLIJKE PHILIPS N.V. and <br> U.S. PHILIPS CORPORATION, <br>     Intervenor-Defendants. | |
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>     Intervenor-Defendants/ <br>     Counterclaim Plaintiffs- <br>     in-intervention <br><br> v. <br><br> MICROSOFT CORPORATION, <br>     Intervenor-Plaintiff/ <br>     Counterclaim Defendant- <br>     in-intervention <br><br> AND <br><br> MICROSOFT MOBILE INC., <br>     Counterclaim Defendant- <br>     in-intervention. | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>     Plaintiffs, <br><br>     v. <br><br> HTC CORP., and <br> HTC AMERICA, <br>     Defendants. | Related Case No. 4:18-cv-1887-HSG <br><br> JURY TRIAL DEMANDED |
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>     Plaintiffs, <br><br>     v. <br><br> VISUAL LAND, INC. <br>     Defendant. | Related Case No. 4:18-cv-1888-HSG <br><br> JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION, <br>     Intervenor-Plaintiff, <br><br>     v. <br><br> KONINKLIJKE PHILIPS N.V. and <br> U.S. PHILIPS CORPORATION, <br>     Intervenor-Defendants. | |
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br>     Intervenor-Defendants/ <br>     Counterclaim Plaintiffs- <br>     in-intervention <br><br>     v. <br><br> MICROSOFT CORPORATION, <br>     Intervenor-Plaintiff/ <br>     Counterclaim Defendant- <br>     in-intervention <br><br>     AND <br><br> MICROSOFT MOBILE INC., | |

| | |
|---|---|
| Counterclaim Defendant-in-intervention. | ) ) ) ) |
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, Plaintiffs, <br><br> v. <br><br> YIFANG USA, INC. D/B/A/ E-FUN, INC. Defendant. | ) ) ) ) ) ) ) ) ) ) Related Case 4:18-cv-1890-HSG <br><br> JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION, Intervenor-Plaintiff, <br><br> v. <br><br> KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, Intervenor-Defendants. | ) ) ) ) ) ) ) ) ) ) |
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, Intervenor-Defendants/ Counterclaim Plaintiffs-in-intervention <br><br> v. <br><br> MICROSOFT CORPORATION, Intervenor-Plaintiff/ Counterclaim Defendant-in-intervention <br><br> AND <br><br> MICROSOFT MOBILE INC., Counterclaim Defendant-in-intervention. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## I. Introduction

The Court held a case management conference on June 26, 2018. As Defendants and Microsoft discussed with the Court during that conference, the District of Delaware declined to resolve indefiniteness issues in its claim construction ruling. *See, e.g.,* Docket No. 212 at 3 n.2; Docket No. 415 § II(C)(2), at 15-16. After discussion with the parties at the case management conference, the Court indicated that it would consider the matter further and that the matter may be an issue for further discussion at the next case management conference in October. See Tr. at 33:22 through 34:19. To that end, and after further review of the existing record relating to indefiniteness issues, Defendants and Microsoft submit this brief administrative motion setting forth their views of how best to address the eleven claim terms with pending indefiniteness issues that remain before this Court. For the Court's convenience, those claim terms are identified below.

At the case management conference, in response to a question from the Court, counsel representing Microsoft and speaking on behalf of Microsoft and Defendants stated that it would be possible for the Court to resolve indefiniteness issues based on the existing claim construction briefing. However, after that claim construction briefing occurred, the Patent Trial and Appeal Board issued decisions that bear directly on disputed indefiniteness issues. For example, the Board found that it was "unable to determine the scope and meaning" of the disputed "processing means" limitation recited by the '797 patent because "it is unclear what algorithms for 'imparting an acceleration based motion pattern to a predetermined selection among said objects' are encompassed by [the] independent claims." See Case IPR2017-00856, Paper 7 (Aug. 18, 2017) at 13-14. Defendants and Microsoft submit that additional briefing is necessary to apprise the Court of the impact of the PTAB decisions on outstanding indefiniteness issues.

Further, given Judge Sleet's practice of not deciding indefiniteness as part of claim construction, the indefiniteness arguments presented in the claim construction briefing were primarily directed to preserving rights and providing context for the other claim construction disputes that Judge Sleet indicated he would consider. Indeed, Defendants expressly noted that they would defer arguing the ultimate question of indefiniteness in light of Judge Sleet's practice, Docket No. 141 at 2 n.3, and Philips similarly recognized that Judge Sleet "ha[d] stated repeatedly that indefiniteness should be

raised after claim construction," Docket No. 140 at 8 n.11.  All parties therefore understood that indefiniteness would be addressed at a later stage in the case, with additional briefing.  In view of the intervening decisions from the PTAB and the clarity that would be provided by extracting the indefiniteness arguments from the rest of the claim construction briefing, Defendants and Microsoft submit that targeted supplemental briefing on the outstanding indefiniteness issues would be useful to ensure that the Court has full access to the information relevant to its determinations.

Therefore, Defendants and Microsoft respectfully request that the Court allow focused supplemental briefing on indefiniteness issues, which the District of Delaware did not resolve before transfer of these actions.  This briefing will allow the Court to resolve these issues in line with its usual practice, thus narrowing the issues that will require later resolution.  Defendants and Microsoft suggest they open with fifteen pages, Philips oppose with fifteen pages, and Defendants and Microsoft reply with seven pages.  A three-brief cycle including reply is appropriate here, given that Defendants and Microsoft bear the burden of proof on issues of indefiniteness.

The Court stated at the case management conference that it did not plan to hear reargument of any decisions made by the District of Delaware.  That is not the purpose of this briefing—Defendants and Microsoft will not reargue any issue decided previously.  Instead, this supplemental briefing will assist the Court in deciding the issues that remain open and ensure that a complete record is before the Court on indefiniteness, which the District of Delaware declined to address, prior to decision.

## II.     Identification of Outstanding Indefiniteness Issues

### A.     Claims Which the District of Delaware Interpreted as Means-Plus-Function

The District of Delaware found that eight claims with pending indefiniteness issues were means-plus-function claims.  For these terms, listed below, the issue currently before this Court is whether the structure identified by the District of Delaware describes the recited function with sufficient specificity to satisfy 35 U.S.C. § 112, para. 2.  *See, e.g., Advanced Ground Info. Sys., Inc. v. Life360, Inc.*, 830 F.3d 1341, 1349 (Fed. Cir. 2016) ("If the specification does not contain an adequate disclosure of the structure that corresponds to the claimed function, the patentee will have failed to particularly point out and distinctly claim the invention under [§ 112, para. 2], which renders the claim invalid for indefiniteness. . . .  In the case of computer-implemented functions, we require that the specification

disclose an algorithm for performing the claimed function.") (citations omitted).

| Term | Function and Corresponding Structure Found by the District of Delaware |
|---|---|
| means for parsing a control information file[1] ('806 patent, claims 12, 13, and 15) | **Function:** parsing a control information file<br><br>**Corresponding structure:** single purpose media player or multipurpose computing device programmed with software to perform the function, such as the algorithm disclosed in Figure 1 and at 2:53-3:2 |
| means for parsing, based on parsing of the control information file: identifying multiple alternative files corresponding to a give segment of the media presentation; determining which file of the multiple alternative files to retrieve based on system constraints; retrieving the determined file of the multiple alternative files to begin a media presentation ('806 patent, claims 12, 13, and 15) | **Function:** parsing, based on parsing of the control information file: identifying multiple alternative files corresponding to a given segment of the media presentation; determining which file of the multiple alternative files to retrieve based on system constraints; retrieving the determined file of the multiple alternative files to begin a media presentation<br><br>**Corresponding structure:** dedicated media player or multipurpose computing device programmed with software to perform the function, such as the algorithm in Figure 1, and at 2:53-3:61, 4:20-26 |
| programmed calculating means for under control of a screen motion sensed by said sensing means imparting an acceleration based motion pattern to a predetermined selection among said objects ('797 patent, claims 1 and 6) | **Function:** receiving screen motion information and imparting an acceleration based motion pattern to one or more or all displayed objects<br><br>**Corresponding structure:** a computer program that performs an algorithm for imparting an acceleration based motion pattern, such as those disclosed in Figures 3-5 and at 3:332-4:39 |
| decoding means for decoding at least one signal portion and for decoding a signal portion into a portion of the digital information signal and to supply the portion of a digital information signal depending on a control signal of a first type and to supply a signal portion as a portion of the digital information signal in a substantially unmodified form depending on a control | **Function:** decoding at least one signal portion by decoding a signal portion into a portion of a digital information signal and supplying the portion of the digital information signal depending on a control signal of a first type, and supply a signal portion as a portion of the digital information in a substantially unmodified form depending on a control signal of a second type<br><br>**Corresponding structure:** decoder and switch |

---

[1] For this term, the pending indefiniteness issues require a determination of whether the claim recites both an apparatus and a method of using that apparatus, rendering it indefinite under *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005), in addition to the determination of whether the corresponding structure complies with § 112, para. 2.

| | |
|---|---|
| signal of a second type ('695 patent, claims 14, 15, and 17) | |
| means for generating the control signal for application to the decoding means including a control signal of the first type depending on the first identification signal of the first type ('695 patent, claims 14, 15, and 17) | **Function:** generating the control signal for application to the decoding means including a control signal of the first type depending on the first identification signal of the first type<br><br>**Corresponding structure:** identifier that performs the function, such as the algorithm disclosed at 6:16-7:6 |
| means for securely sharing a common secret with the second communication device after the second communication device is authenticated ('819 patent, claims 10 and 11) | **Function:** securely transmitting a common secret with the second communication device after the second communication device is authenticated<br><br>**Corresponding structure:** transmitter and microprocessor programmed with software to perform the function, such as the algorithms disclosed at 4:64-5:3, 5:28-59, and all key management protocols that require the secure transmission of a secret that are disclosed in ISO 9798 and ISO 1170 |
| means for generating a third signal using said common secret ('819 patent, claims 10 and 11) | **Function:** generating a third signal using said common secret<br><br>**Corresponding structure:** microprocessor programmed with software to perform the function, such as the algorithm disclosed in Figure 3 and at 5:63-6:13 |

**B.     Claims Which the District of Delaware Interpreted Under *Philips v. AWH***

The District of Delaware found that one claim term with pending indefiniteness issues was not a means-plus-function term:

| Term | Construction |
|---|---|
| wherein if the determined file is one of a plurality of files required for the media presentation, the means for parsing comprises means for: concurrent with the media presentation, retrieving a next file; and using content of the next file to continue the media presentation ('806 patent, claims 12 and 13) | the means for parsing has the capability to: (1) retrieve a next file corresponding to a later segment of a media presentation while an earlier retrieved segment is presented and (2) to use the content of the next file to continue the media presentation. |

For this term, the issue before this Court is whether the term, as construed by the District of Delaware, is sufficiently definite under 35 U.S.C. § 112, para. 2. *Advanced Ground.*, 830 F.3d at 1349.

### C. Claims Which the District of Delaware Did Not Interpret During Claim Construction

Three additional terms were not presented for construction during the *Markman* proceedings, as there was no claim construction issue beyond indefiniteness, which the District of Delaware did not consider. These terms have been identified as indefinite in the Defendants' and Microsoft's invalidity contentions:

- "means for downloading files to the client device" ('806 patent, claims 12, 13, and 15);
- "channel decoding means for the channel decoding of the read-out signal" ('695 patent, claims 17 and 18);
- "error detection/correction means detecting and correcting errors in the read-out signal" ('695 patent, claims 17 and 18); and
- "means arranged to securely share the common secret with the second device by encrypting the common secret using a public key of a private/public key-pair" ('819 patent, claim 11).

For these terms, the issue before this Court is again whether each term is sufficiently definite under 35 U.S.C. § 112, para. 2. *See id.*

### III. Proposed Briefing Schedule

This Court's usual practice is to resolve indefiniteness issues concurrent with claim construction. *See, e.g.,* Tr. at 28:24 through 29:2. Although the Court could defer these issues for summary judgment, Defendants and Microsoft respectfully submit that it would be most efficient to follow the Court's usual practice and resolve these issues at this stage. Defendants and Microsoft propose a 15-page opening brief by Defendants and Microsoft, a 15-page responsive brief by Philips, and a 7-page reply brief by Defendants and Microsoft.

### IV. Conclusion

For the foregoing reasons, Defendants and Microsoft respectfully request that the Court set a briefing schedule on the remaining indefiniteness issues identified in this motion, including a 15-page opening brief by Defendants and Microsoft, a 15-page responsive brief by Philips, and a 7-page reply brief by Defendants and Microsoft.

| | |
|---|---|
| Date: July 18, 2018 | Respectfully submitted, |

<br>

/s/ Matthew S. Warren

| | |
|---|---|
| Kevin Hardy (*pro hac vice*) | Matthew S. Warren (Cal. Bar No. 230565) |
| Aaron Maurer (*pro hac vice*) | Patrick M. Shields (Cal. Bar No. 204739) |
| David Krinsky (*pro hac vice*) | Erika H. Warren (Cal. Bar No. 295570) |
| Christopher S. Geyer (Cal. Bar No. 288527) | Amy M. Bailey (Cal. Bar No. 313151) |
| Christopher A. Suarez (*pro hac vice*) | WARREN LEX LLP |
| Kyle Thomason (*pro hac vice*) | 2261 Market Street, No. 606 |
| WILLIAMS & CONNOLLY LLP | San Francisco, California, 94110 |
| 725 Twelfth Street, N.W. | +1 (415) 895-2940 |
| Washington, District of Columbia, 20005 | +1 (415) 895-2964 facsimile |
| +1 (202) 434-5000 | 18-1885@cases.warrenlex.com |
| +1 (202) 434-5029 facsimile | 18-1886@cases.warrenlex.com |
| viceroy@wc.com | |

*Attorneys for Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer Inc. and ASUS Computer International*

| | |
|---|---|
| Kai Tseng (Cal. Bar No. 193756) | Michael J. Newton (*pro hac vice*) |
| Hsiang ("James") H. Lin (Cal. Bar No. 241472) | ALSTON & BIRD LLP |
| Craig Kaufman (Cal. Bar No. 159458) | 2828 North Harwood Street, Suite 1800 |
| TECHKNOWLEDGE LAW GROUP LLP | Dallas, Texas, 75201 |
| 100 Marine Parkway, Suite 200 | +1 (214) 922-3400 |
| Redwood Shores, California, 94065 | +1 (214) 922-3899 facsimile |
| +1 (650) 517-5200 | asus-philips@alston.com |
| +1 (650) 226-3133 facsimile | |
| acer.philips-tklgall@tklg-llp.com | *Attorney for Defendants ASUSTeK Computer Inc. and ASUS Computer International* |

*Attorneys for Defendants Acer, Inc. and Acer America Corporation*

| | |
|---|---|
| /s/ Ryan McBrayer | /s/ Michael Song |
| John Schnurer (Cal. Bar No. 185725) | Lucian C. Chen (*pro hac vice*) |
| Kevin Patariu (Cal. Bar No. 256755) | Wing K. Chiu (*pro hac vice*) |
| Ryan Hawkins (Cal. Bar No. 256146) | LUCIAN C. CHEN, ESQ. PLLC |
| Louise Lu (Cal. Bar No. 253114) | One Grand Central Place |
| Vinay Sathe (Cal. Bar No. 263064) | 60 East 42nd Street, Suite 4600 |
| PERKINS COIE LLP | New York, New York, 10165 |
| 11988 El Camino Real, Suite 350 | +1 (212) 710-3007 |
| San Diego, California, 92130 | +1 (212) 501-2004 facsimile |
| +1 (858) 720-5700 | lucianchen@lcclegal.com |
| +1 (858) 720-5799 facsimile | wingchiu@lcclegal.com |
| htc-philipsperkinsservice@perkinscoie.com | |
| | Michael Song (Cal. Bar No. 243675) |
| | LTL ATTORNEYS LLP |
| Ryan McBrayer (*pro hac vice*) | 300 South Grand Ave. 14th Floor |
| Jonathan Putman (*pro hac vice*) | Los Angeles, California, 90071 |
| Antoine McNamara (Cal. Bar No. 261980) | +1 (213) 612-8900 |
| PERKINS COIE LLP | +1 (213) 612-3773 facsimile |
| 1201 Third Avenue, Suite 4900 | michael.song@ltlattorneys.com |
| Seattle, Washington, 98101 | |
| +1 (206) 359-8000 | *Attorneys for Defendant YiFang USA,* |
| +1 (206) 359-9000 facsimile | *Inc. D/B/A E-Fun, Inc.* |
| htc-philipsperkinsservice@perkinscoie.com | |

*Attorneys for Defendants HTC Corp. and HTC America, Inc.*

| | |
|---|---|
| */s/ Christina McCullough* | */s/ Michael Song* |
| Judith Jennison (Cal. Bar No. 165929) | Michael Song (Cal. Bar No. 243675) |
| Christina McCullough (Cal. Bar No. 245944) | LTL ATTORNEYS LLP |
| PERKINS COIE LLP | 300 South Grand Ave. 14th Floor |
| 1201 Third Avenue, Suite 4900 | Los Angeles, California, 90071 |
| Seattle, Washington, 98101 | +1 (213) 612-8900 |
| +1 (206) 359-8000 | +1 (213) 612-3773 facsimile |
| +1 (206) 359-9000 facsimile | michael.song@ltlattorneys.com |
| msft-philipsteam@perkinscoie.com | *Attorney for Defendant Visual Land, Inc.* |

Sarah Stahnke (Cal. Bar No. 264838)
Patrick J. McKeever (Cal. Bar No. 268763)
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, California, 92130
+1 (858) 720-5700
+1 (858) 720-5799 facsimile
msft-philipsteam@perkinscoie.com

Chad Campbell (Cal. Bar No. 258723)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona, 85012
+1 (602) 351-8000
+1 (602) 648-7000 facsimile
msft-philipsteam@perkinscoie.com

*Attorneys for Intervenor-Plaintiff/Counterclaim Defendants Microsoft Corporation and Microsoft Mobile, Inc.*

**CIVIL LOCAL RULE 5-1 ATTESTATION**

Under Local Rule 5-1, the foregoing counsel have authorized me, Matthew S. Warren, to execute on their behalf this Joint Case Management Statement, and that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature within this e-filed document.

Date: July 18, 2018

_____
Matthew S. Warren