1    [All counsel listed on signature page]

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                           **OAKLAND DIVISION**

11   _____

12   KONINKLIJKE PHILIPS N.V.,                    )
     U.S. PHILIPS CORPORATION,                    )
13            Plaintiffs,                          )        Case No. 4:18-cv-1885-HSG
                                                   )
14   v.                                            )        JURY TRIAL DEMANDED
                                                   )
15   ACER INC.,                                    )
16   ACER AMERICA CORPORATION,                     )        **DEFENDANTS' OPPOSITION TO**
                                                   )        **PHILIPS' ADMINISTRATIVE MOTION**
17            Defendants.                          )        **TO FILE UNDER SEAL**
     _____      )
18                                                 )
     MICROSOFT CORPORATION,                        )
19            Intervenor-Plaintiff,                )
                                                   )
20   v.                                            )
                                                   )
21                                                 )
     KONINKLIJKE PHILIPS N.V. and                  )
22   U.S. PHILIPS CORPORATION,                     )
              Intervenor-Defendants.               )
23   _____      )

24

25

26

27

28
                                      Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG
     _____

1
2   KONINKLIJKE PHILIPS N.V.,                      )
3   U.S. PHILIPS CORPORATION,                      )
              Intervenor-Defendants/               )
4             Counterclaim Plaintiffs-             )
              in-intervention                      )
5                                                  )
6   v.                                             )
                                                   )
7   MICROSOFT CORPORATION,                         )
              Intervenor-Plaintiff/                )
8             Counterclaim Defendant-              )
              in-intervention                      )
9                                                  )
10  AND                                            )
                                                   )
11  MICROSOFT MOBILE INC.,                         )
              Counterclaim Defendant-              )
12            in-intervention.                     )
13                                                 )
                                                   )
14  KONINKLIJKE PHILIPS N.V.,                      )
15  U.S. PHILIPS CORPORATION,                      )
              Plaintiffs,                          )    Related Case No. 4:18-cv-1886-HSG
16                                                 )
    v.                                             )    JURY TRIAL DEMANDED
17                                                 )
18  ASUSTEK COMPUTER, INC., and                    )
    ASUS COMPUTER INTERNATIONAL,                   )
19            Defendants.                          )
20                                                 )
    MICROSOFT CORPORATION,                         )
21            Intervenor-Plaintiff,                )
22                                                 )
    v.                                             )
23                                                 )
    KONINKLIJKE PHILIPS N.V. and                   )
24  U.S. PHILIPS CORPORATION,                      )
              Intervenor-Defendants.               )
25                                                 )
26
27
28
                                    Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG

1

2  KONINKLIJKE PHILIPS N.V.,          )

3  U.S. PHILIPS CORPORATION,      )
        Intervenor-Defendants/      )

4        Counterclaim Plaintiffs-   )
        in-intervention         )

5                           )

6  v.                       )

7  MICROSOFT CORPORATION,      )
        Intervenor-Plaintiff/       )

8        Counterclaim Defendant-  )
        in-intervention         )

9                           )

10  AND                    )

11  MICROSOFT MOBILE INC.,       )
        Counterclaim Defendant-  )

12        in-intervention.        )

13  ————————————————— )

14  KONINKLIJKE PHILIPS N.V.,        )

15  U.S. PHILIPS CORPORATION,      )
        Plaintiffs,          )   Related Case No. 4:18-cv-1887-HSG

16                           )
  v.                       )   JURY TRIAL DEMANDED

17                           )

18  HTC CORP., and             )
  HTC AMERICA, INC.          )

19        Defendants.          )

20  ————————————————— )

21  KONINKLIJKE PHILIPS N.V.,        )

22  U.S. PHILIPS CORPORATION,      )
        Plaintiffs,          )   Related Case No. 4:18-cv-1888-HSG

23                           )
  v.                       )   JURY TRIAL DEMANDED

24  VISUAL LAND, INC.           )

25        Defendant.           )

26  ————————————————— )

27

28

MICROSOFT CORPORATION,
        Intervenor-Plaintiff,

v.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,
        Intervenor-Defendants.

_____

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
        Intervenor-Defendants/
        Counterclaim Plaintiffs-
        in-intervention

v.

MICROSOFT CORPORATION,
        Intervenor-Plaintiff/
        Counterclaim Defendant-
        in-intervention

AND

MICROSOFT MOBILE INC.,
        Counterclaim Defendant-
        in-intervention.

_____

KONINKLIJKE PHILIPS N.V.,
U.S. PHILIPS CORPORATION,
        Plaintiffs,                                          Related Case 4:18-cv-1890-HSG

v.                                                           JURY TRIAL DEMANDED

YIFANG USA, INC. D/B/A/ E-FUN, INC.
        Defendant.

_____

Case Nos. 18-cv-1885-HSG through 18-cv-1890-HSG

DEFENDANTS' OPPOSITION TO PHILIPS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1

2    MICROSOFT CORPORATION,                      )
                                                  )
3            Intervenor-Plaintiff,                )
                                                  )
4    v.                                           )
                                                  )
5    KONINKLIJKE PHILIPS N.V. and                 )
     U.S. PHILIPS CORPORATION,                    )
6            Intervenor-Defendants.               )
                                                  )
7    _____     )
                                                  )
8    KONINKLIJKE PHILIPS N.V.,                    )
     U.S. PHILIPS CORPORATION,                    )
9            Intervenor-Defendants/               )
             Counterclaim Plaintiffs-            )
10           in-intervention                      )
                                                  )
11                                                )
     v.                                           )
12                                                )
13   MICROSOFT CORPORATION,                       )
             Intervenor-Plaintiff/                )
14           Counterclaim Defendant-              )
             in-intervention                      )
15                                                )
16   AND                                          )
                                                  )
17   MICROSOFT MOBILE INC.,                       )
             Counterclaim Defendant-              )
18           in-intervention.                     )
                                                  )
19   _____     )

20

21

22

23

24

25

26

27

28

Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer, Inc., ASUS Computer International, HTC Corporation, HTC America, Inc., Visual Land, Inc., and YiFang USA, Inc. d/b/a E-Fun, Inc. oppose Philips' Motion to File Under Seal its Motion to Consolidate, Docket No. 440.

On July 17, 2018, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips") moved to seal in their entirety both its motion to consolidate matters for trial (Dkt. No. 442 in Case No. 4:18-cv-01885, "Motion to Consolidate") and numerous exhibits attached thereto.  Dkt. No. 440, ("Motion to Seal").  Philips' attempt to seal its entire Motion to Consolidate is a clear violation of Civil Local Rule 79-5(b) that not only interferes with the public's access to content that they are entitled to see, but also prejudiced the defendants, which could not review any portion of Philips' motion in-house without first securing the consent of each party Philips named as providing confidential information.  The Court should deny Philips' attempt to seal its entire Motion to Consolidate, and Philips should be ordered to file a redacted, public copy of that document on the docket that complies with the Civil Local Rules by redacting only sealable information.

Civil Local Rule 79-5(b) requires that any request to seal "must be narrowly tailored to seek sealing *only of sealable material*."  (Emphasis added.)  By the plain language of this rule, a request to seal an entire document is "narrowly tailored," and the whole document can be sealed, only if the entire document is "sealable material."  Accordingly, this Court has routinely invoked this rule to deny attempts to seal entire documents when those documents contained both sealable and non-sealable content.  See, e.g., *Finjan, Inc. v. Symantec, Corp.*, No. 14-cv-02998-HSG, 2017 WL 6610081 at *2 (N.D. Cal. Sept. 29, 2017) (request to seal entire document not narrowly tailored); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 12977038 at *2 (N.D. Cal. Dec. 4, 2015) (request to seal entire exhibits containing sealable source code as well as publicly available information not narrowly tailored); *TVIIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 3776424 at *3 (N.D. Cal. June 16, 2015) (proposed redaction of entire document containing financial information not narrowly tailored); *Bd. of Trustees of Ken Lusby Clerks & Lumber Handlers Pension Fund v. Piedmont Lumber & Mill Co.*, No. 13-CV-03898-HSG, 2015 WL 13025766 at *3 (N.D. Cal. Apr. 2, 2015) (same).

Philips' request to seal the entirety of its Motion to Consolidate is likewise not narrowly tailored and should be denied.  Philips' averment that "throughout Philips' motion, Philips extensively quotes,

1  summaries, discusses, or otherwise relies on" confidential exhibits is an overstatement.  Dkt. No. 440-1 ¶ 4.

2  A confidential exhibit is not even referenced until the ninth page of the motion.  Much of the

3  motion has nothing to do with anything confidential, but instead describes the patents-in-suit, sets forth

4  Philips' proposal for trial staging, and makes legal arguments in support of that proposal.  In other words,

5  extensive passages in Philips' Motion to Consolidate are entirely free of confidential information, but Philips

6  nonetheless seeks to seal them all.  The request to seal is not tailored at all, let alone *narrowly* tailored.

7  This flaw is no mere technicality.  Granting Philips' motion would deprive the public of their "right to

8  inspect and copy public records and documents, including judicial records and documents." *Pintos v. Pac.*

9  *Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quotation omitted).  Defendants, too, share that right and

10  have been significantly inconvenienced by Philips' overbroad sealing request, particularly given that the

11  sealed material comes from a variety of parties and has been designated outside-counsel-only, interfering

12  with the ability of outside counsel to share Philips' brief with their own clients.  This is not how sealing

13  confidential material is supposed to work under this Court's Civil Local Rules.

14  In sum, because Philips seeks to seal vastly more than is permissible under Rule 79-5(b), and because

15  Philips disregards defendants' and the public's right to view the non-sealable content, Philips' Motion to Seal

16  its Motion to Consolidate should be denied, and Philips should be ordered to comply with the Local Rules by

17  seeking to seal only "those *specific* portions . . . that contain sealable information." *TVIIIM, Inc. v. McAfee,*

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  *Inc.*, No. 13-cv-04545-HSG, at \*3 (N.D. Cal. June 10, 2015); *see also* Civil L.R. 79-5(d)(1)(C) (requiring

2  administrative motion to seal be accompanied by "redacted version of the document that is sought to be filed

3  under seal.").

4  Date: July 23, 2018                                                Respectfully submitted,

5

6

7  Bruce R. Genderson (*pro hac vice*)                Matthew S. Warren (Cal. Bar No. 230565)

   Kevin Hardy (*pro hac vice*)                       Patrick M. Shields (Cal. Bar No. 204739)

8  Aaron Maurer (*pro hac vice*)                      Erika H. Warren (Cal. Bar No. 295570)

9  David Krinsky (*pro hac vice*)                     Amy M. Bailey (Cal. Bar No. 313151)

   Christopher S. Geyer (Cal. Bar No. 288527)         WARREN LEX LLP

10 Christopher A. Suarez (*pro hac vice*)             2261 Market Street, No. 606

11 Kyle Thomason (*pro hac vice*)                     San Francisco, California, 94110

   WILLIAMS & CONNOLLY LLP                            +1 (415) 895-2940

12 725 Twelfth Street, N.W.                           +1 (415) 895-2964 facsimile

13 Washington, District of Columbia, 20005            18-1885@cases.warrenlex.com

   +1 (202) 434-5000                                  18-1886@cases.warrenlex.com

14 +1 (202) 434-5029 facsimile

15 viceroy@wc.com

16
   *Attorneys for Defendants Acer, Inc., Acer America Corporation, ASUSTeK Computer Inc. and ASUS*
17 *Computer International*

18                                                    Kai Tseng (Cal. Bar No. 193756)

   Michael J. Newton (*pro hac vice*)                 Hsiang ("James") H. Lin (Cal. Bar No. 241472)
19 ALSTON & BIRD LLP                                  Craig Kaufman (Cal. Bar No. 159458)

20 2828 North Harwood Street, Suite 1800              TECHKNOWLEDGE LAW GROUP LLP

   Dallas, Texas, 75201                               100 Marine Parkway, Suite 200
21 +1 (214) 922-3400                                  Redwood Shores, California, 94065

22 +1 (214) 922-3899 facsimile                        +1 (650) 517-5200

   asus-philips@alston.com                            +1 (650) 226-3133 facsimile
23                                                     acer.philips-tklgall@tklg-llp.com

24 *Attorney for Defendants ASUSTeK*
   *Computer Inc. and ASUS Computer*
25 *International*                                     *Attorneys for Defendants Acer, Inc. and Acer*
                                                       *America Corporation*
26

27

28

| | |
|---|---|
| /s/ Ryan McBrayer | /s/ Michael Song |

John Schnurer (Cal. Bar No. 185725)

Kevin Patariu (Cal. Bar No. 256755)

Ryan Hawkins (Cal. Bar No. 256146)

Louise Lu (Cal. Bar No. 253114)

Vinay Sathe (Cal. Bar No. 263064)

PERKINS COIE LLP

11988 El Camino Real, Suite 350

San Diego, California, 92130

+1 (858) 720-5700

+1 (858) 720-5799 facsimile

htc-philipsperkinsservice@perkinscoie.com


Ryan McBrayer (*pro hac vice*)

Jonathan Putman (*pro hac vice*)

Antoine McNamara (Cal. Bar No. 261980)

PERKINS COIE LLP

1201 Third Avenue, Suite 4900

Seattle, Washington, 98101

+1 (206) 359-8000

+1 (206) 359-9000 facsimile

htc-philipsperkinsservice@perkinscoie.com

*Attorneys for Defendants HTC Corp. and HTC America, Inc.*


/s/ Michael Song

Michael Song (Cal. Bar No. 243675)

LTL ATTORNEYS LLP

300 South Grand Ave. 14th Floor

Los Angeles, California, 90071

+1 (213) 612-8900

+1 (213) 612-3773 facsimile

michael.song@ltlattorneys.com

*Attorney for Defendant Visual Land, Inc.*


Lucian C. Chen (*pro hac vice*)

Wing K. Chiu  (*pro hac vice*)

LUCIAN C. CHEN, ESQ. PLLC

One Grand Central Place

60 East 42nd Street, Suite 4600

New York, New York, 10165

+1 (212) 710-3007

+1 (212) 501-2004 facsimile

lucianchen@lcclegal.com

wingchiu@lcclegal.com


Michael Song (Cal. Bar No. 243675)

LTL ATTORNEYS LLP

300 South Grand Ave. 14th Floor

Los Angeles, California, 90071

+1 (213) 612-8900

+1 (213) 612-3773 facsimile

michael.song@ltlattorneys.com

*Attorneys for Defendant YiFang USA, Inc. D/B/A E-Fun, Inc.*

### CIVIL LOCAL RULE 5-1 ATTESTATION

Under Local Rule 5-1, the foregoing counsel have authorized me, Matthew S. Warren,
to execute on their behalf this Opposition to Philips' Administrative Motion to File under Seal, and that I
have on file all holographic signatures corresponding to any signatures indicated by a conformed signature
within this e-filed document.


Date:  July 23, 2018

_____
                              Matthew S. Warren